IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FRANK BRETT | * | |
|     Plaintiff, | | |
| v. | * | Civil Action No. JKB-17-1555 |
| CHERYL LEWIS | * | |
| BRIAN UNKNOWN | | |
| DAVID SAMSON | * | |
| BILL NUALTY | | |
| JAMIE FOX | * | |
| ROBERT LAWTF | | |
| TOM PRISCIPIO | * | |
| JOHN GARDNER | | |
| ORLANDO FL. RESCUE MISSION REV. HALL | * | |
| ROBERT ROCKWELL | * | |
| STEPHANIE BINGHAM LAPATA | | |
| BABARA COFFIELD | * | |
| MRS GREENE | | |
| BILL BARRON | * | |
| DAVID WILDSTEIN | | |
| WOLF AND SAMSON | * | |
| JOHN MAYNOR | | |
| MR. MRS STALMAN | * | |
| SAM REAM | | |
|     Defendant. | * | |

*****

MEMORANDUM

The above-captioned complaint for damages and injunctive relief was filed by Frank Brett on June 6, 2017, together with a motion to proceed in forma pauperis. ECF Nos. 1 & 2. Brett alleges that he resides in Philadelphia, Pennsylvania. The motion for leave to proceed in forma pauperis shall be granted.

Brett's self-represented action files suit against various individuals from Maryland, New York, Florida, and Pennsylvania. His allegations, most of which contain nonsensical and

incoherent statements, invoke federal criminal code provisions as the basis for this court's jurisdiction. Brett claims that for the past twenty years he and his wife have been harassed and followed in Florida, Pennsylvania, Delaware, Maryland, and "all over America" by individuals who are not named as defendants. The body of the complaint contains no discernable constitutional violations supported by factual assertions tied to the named defendants.[1] ECF No. 1 & ECF No. 1-1.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case before service of process upon a finding that the action has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Indeed, this Court must conduct a preliminarily review of a complaint's allegations before service of process and dismiss it if satisfied that the complaint has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In *Neitzke v. Williams,* 490 U.S. 319 (1989), the United States Supreme Court held that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Id.* at 325; *see Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) ( "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category

---

[1] In his 40 pages of attachments, Brett presents a rambling history of his accusations, listing some of the defendants as the Chairman, an accountant, law firm for the New York and New Jersey Port Authority, and a lobbyist for United Airlines, and makes numerous fanciful allegations regarding their involvement in the traffic on the George Washington Bridge and their ties to the Gambino crime family. Brett further discusses robberies from family homes and thefts of documents in his legal cases, an episode where he was referred to as gay and "Morris Animal Man," repeated stalking incidents and other actions taken against him in various churches in the District of Columbia and in twelve other states, and he presents pages of license plate numbers, vehicles, buildings and people seen in Florida, Virginia, the District of Columbia, Maryland, and Pennsylvania. ECF No. 1-2.

encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.") (citations to *Neitzke* omitted).

*Neitzke* explained that the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Indeed, § 1915 was amended after *Neitzke* and *Denton*, such that now the statute *mandates* that a district court "shall dismiss" a case upon a finding that the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a self-represented complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555–56 (2007)). Liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

The court has examined the Public Access to Court Electronic Records ("PACER") and takes judicial notice that commencing in 2006, Brett has filed over 160 cases in the federal courts. The majority of those cases were dismissed as frivolous pursuant to § 1915(e). For example, in *Brett v. Rodriquez, et al.*, Civil Action No. GKS-17-313 (M.D. Fla. March 28, 2017), Senior United States District Court Judge G. Kendall Sharp dismissed Brett's case as frivolous and subjected any and all future cases filed by Brett to preliminary review and pre-filing screening.[2] Moreover, in dismissing Brett's complaint as frivolous the federal court in the Middle District of Pennsylvania noted that Brett had unsuccessfully pursued "scores" of cases in twelve different federal districts and referenced one of Brett's cases filed in and dismissed by the Eastern District of North Carolina.[3] *See Brett v. Wingate, et al.*, Civil Action No. YK-15-2438 (M.D. of Pa. 2016). A district judge presiding in the United States District Court for the Eastern

---

[2] The Middle District of Florida court identified more than 30 other cases filed by Brett between 2007 and 2012 in United States District Courts, including the Middle District of Florida, that were dismissed for various reasons including lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted and because the complaint was frivolous. *See Brett v. U.S. Marshal Livingston*, Civil Action No. TBS-14-594 (M.D. Fla. 2014). Brett has continued to file cases in that court, all of which were dismissed as frivolous, for lack of prosecution, and for improperly filing documents under seal. *See Brett v. U.S. Marshal Jenkins,* Civil Action No. GJK-15-58 (M.D. Fla. 2014); *Brett v. U.S. Marshal Garcia*, Civil Action No. KRS-15-638 (M.D. Fla. 2014); *Brett v. U.S. Marshal Rodriguez*, Civil Action No. KRS-16-806 (M.D. Fla. 2014); *Brett v. U.S. Marshal Jenkins*, Civil Action No. DAB-16-10 (M.D. Fla. 2014); *Brett v. Baker*, Civil Action No. TBS-16-23 (M.D. Fla. 2014); and *Brett v. Baker*, Civil Action No. TBS-16-667 (M.D. Fla. 2014).

[3] *See Brett v. Hansen*, Civil Action No. BR-12-127 (E.D. N. C. 2013) (alternatively recommending dismissal of Brett's complaint on maliciousness grounds based on allegations raised in numerous other actions "that both named and unnamed defendants have lied about his sexual orientation, called him "Forrest Gump," tried to kill him [and]. . . illegally obtained his address to send him mail. . . In a similar vein, the exhibits to the complaint consist of: six pages of license plate numbers of cars . . . [and] handwritten narratives or timelines of events").

District of Pennsylvania has identified at least thirty-eight cases Brett has filed that have been dismissed as frivolous or for failure to state a claim. *See Brett v. Sampson*, Civil Action No. EGS-15-3711 (E.D. Pa. 2015).

Even when providing a generous review to the self-represented complaint, the court finds it appropriate to dismiss Brett's cause of action. *See Bell Atl. Corp. v. Twombly,* 550 U.S. at 570 (a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege enough facts to state a claim to relief that is plausible on its face); *Neitzke,* 490 U.S. at 325–28. Brett presents a plethora of claims which are completely implausible and made without any viable factual supporting allegations. It is, therefore, appropriate to dismiss his action under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, Brett's reliance on federal criminal statutes, specifically, 18 U.S.C. § 371 and 18 U.S.C. § 118, is misplaced, as these criminal statutes do not create a private right of action. *See Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985). This court has no authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978); *Brett v. Brett*, 503 F. App'x. 130, 132 (3d Cir. 2012) ("[C]riminal statutes do not give rise to civil liability."). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 F. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012). If Brett seeks to pursue criminal charges, he must bring his allegations to the attention of law enforcement authorities, not this Court.

Accordingly, Brett's motion for leave to proceed in forma pauperis shall be granted and his complaint shall be dismissed by separate Order.

Date: June 26, 2017

_____/s/_____
James K. Bredar
United States District Judge